# United States Court of Appeals for the Fifth Circuit

———————

No. 26-20048
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2026

Lyle W. Cayce
Clerk

Andrew Tarver,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-5081

———————————————————

Before Davis, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Andrew Tarver, appearing pro se, asks the court to reverse or remand the Commissioner's determination that Tarver is not disabled. Because we are bound by the substantial-evidence standard of review, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-20048

Tarver is 33 years old and suffers from progressively worsening Crohn's disease, colitis, and anemia, resulting in extreme fatigue and frequent resort to the restroom. He last worked in November 2022 as an escort for guests at a biomedical laboratory. In February 2023, Tarver applied for disability benefits, shortly before he was hospitalized due to complications from his conditions.

In June 2023, a state agency physician, Dr. Gulnara Martorella, reviewed Tarver's medical record. In Dr. Martorella's estimation, Tarver's statements about the intensity, persistence, and functionally limiting effects of his symptoms were not substantiated by the objective medical evidence on file. Contrary to Tarver's subjective complaints, Dr. Martorella concluded Tarver could occasionally lift 20 pounds, frequently lift ten pounds, and stand, walk, or sit for six hours in an eight-hour work day—meaning, Tarver could still perform the jobs he'd performed in the past and, as such, was not disabled.

Tarver sought reconsideration in July 2023 and submitted additional evidence in support of his claim. He explained his illness was not controlled and that he used the restroom 12–24 times a day, was in constant pain and discomfort, and could not walk for more than a few minutes at a time without fainting.

In October 2023, Tarver attended a physical consultative evaluation with Dr. Admerle Hall-Hoskins. Dr. Hall-Hoskins observed that Tarver "appeared to be in acute distress" and his gait and motor function were abnormal. Tarver reported to Dr. Hall-Hoskins that he could walk only 25 feet, stand for two minutes, and lift two pounds. Dr. Hall-Hoskins concluded Tarver's ability to engage in work-related activities was "limited" and his ability to stand, walk, and carry objects was "restricted." She did not, however, opine that he was disabled.

No. 26-20048

The same month, a second state agency physician, Dr. Laurence Ligon, reconsidered the original disability determination. He reviewed the supplemented medical record as well as Dr. Hall-Hoskins's report and, like Dr. Martorella, concluded the objective medical evidence alone did not support the limiting effects that Tarver claimed. In Dr. Ligon's view, Tarver could stand or walk for slightly less than two hours of an eight-hour work day, occasionally lift ten pounds, and frequently lift less than ten pounds. With those limitations, Dr. Ligon concluded Tarver could adjust to other unidentified work, so was not disabled.

Tarver requested a hearing with an administrative law judge (ALJ) in November 2023 and, shortly afterwards, was re-hospitalized with a flare-up of Crohn's disease.

A telephonic hearing was held in April 2024. There, Tarver explained his conditions caused disrupted sleep patterns, extreme fatigue, and 12–24 trips to the restroom during the day. He had to use a shower seat to bathe and no longer did laundry because the facility at his apartment complex was too far from his apartment, roughly 250 yards. He testified he'd had "one good day" in the past several years while taking Remicade, but that the medication's side effects led to his February 2023 hospitalization. He was still trying different medications in hopes of reaching remission. If he were to work, Tarver estimated he could move about for two minutes at a time, but would require significant time to recover. He stated he needed bathroom access once an hour for three to five minutes each time.

The ALJ interrogated a vocational expert during the hearing, as well. To that end, he posed a hypothetical that assumed a person of Tarver's age and background with limitations of occasional overhead reaching, no work at unprotected heights or with machinery (including driving), and ready access to a restroom for not more than 10% of the workday. Based on that scenario,

the vocational expert identified three jobs that exist in significant numbers in the national economy that Tarver could perform—Charge Account Clerk, Order Clerk, and Call-Out Operator. The ALJ then revised the hypothetical to include restroom time of 15% or more in a workday. The vocational expert could identify no such jobs under that scenario.

The ALJ issued his opinion on June 12, 2024. In it, he concluded Tarver's subjective symptoms of pain and fatigue were not supported by the record. Finding the opinions by Drs. Ligon and Hall-Hoskins persuasive, the ALJ concluded Tarver had a residual functional capacity[1] to perform sedentary work with restrictions, including ready access to a restroom for not more than 10% of the workday. Because the vocational expert had identified three jobs Tarver could perform with those limitations, the ALJ concluded Tarver was not disabled.[2]

Only after the ALJ issued his decision did Tarver produce his treating physician's opinion that Tarver was *temporarily* disabled from July–August 2024. The Appeals Council concluded this opinion was irrelevant to the question at hand—whether Tarver was disabled beginning on or before the date of the ALJ's decision, June 12, 2024. So the Appeals Council, and subsequently the district court, denied review.

Tarver now appeals to this court, raising three generalized contentions: (1) the Commissioner's decision fails to reflect the real-world impact of his conditions; (2) the Commissioner did not consider his treating physician's opinion; and (3) the assessment of Tarver's residual functional

---

[1] Residual functional capacity is "the most [Tarver] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(a)(4)(iv)–(v).

[2] The Commissioner determines whether a claimant is disabled through a sequential, five-step process. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ in Tarver's case concluded Tarver was not disabled at step 5.

No. 26-20048

capacity overlooked his symptoms of fatigue, frequent bowel movements, and pain. Tarver's arguments are notably thin, however: they span just nine sentences without any law or record citations to guide our review.[3]

Without more, this court cannot grant Tarver any relief. "We affirm the Commissioner's findings whenever supported by substantial evidence."[4] Substantial evidence is "more than a scintilla" but "need not be a preponderance."[5] Under this standard, "[w]e will not re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision."[6] Indeed, for us to find that a decision is not supported by substantial evidence, we must conclude that either the record contains no credible evidence supporting the Commissioner's decision or the medical evidence in the record uniformly contradicts it.[7]

This is a difficult threshold for any claimant to surmount, and Tarver's generalized assertions fail to overcome it for two reasons. The first is that, in order to credit Tarver's arguments, we would have to reweigh the evidence, which we cannot do on substantial-evidence review.[8] Second, Tarver has not shown an absence of credible evidentiary choices or medical

---

[3] *See* FED. R. APP. P. 28(a)(8)(A) (requiring the argument section of a brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

[4] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[5] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (cleaned up).

[6] *Masterson*, 309 F.3d at 272.

[7] *See Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (per curiam) ("[N]o substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." (cleaned up)).

[8] *See Masterson*, 309 F.3d at 272.

No. 26-20048

findings behind the Commissioner's decision, and the record belies the notion.[9] For example, the ALJ's conclusion that Tarver could work with ready access to a restroom for not more than 10% of the workday is consistent with Tarver's testimony that his hourly bathroom breaks would last three to five minutes apiece. And Drs. Martorella, Hall-Hoskins, and Ligon unanimously opined that Tarver is not disabled. Such evidence precludes a finding that there is *no* substantial evidence supporting the Commissioner's decision.[10] AFFIRMED.

---

[9] *See Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam).

[10] Tarver complains that the Commissioner did not consider his treating physician's opinion that he was disabled from July–August 2024. Even if we credited that opinion, we would still be compelled to affirm: the opinion relates to a single month outside the relevant period of coverage for which Tarver applied, and a month-long disability does not qualify as a "disability" as a matter of law. *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability" as an impairment "which has lasted or can be expected to last for a continuous period of not less than 12 months").